**SAMUELS v. UNITED SEAMEN'S SERVICE, Inc.**

No. 26171.

District Court, N. D. California, S. D.

Oct. 30, 1946.

Theodore M. Monell, of San Francisco, Cal., for plaintiff.

J. J. Doyle, of San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff brings this action for declaratory relief and alleges in substance that on the 15th day of September, 1943, plaintiff and defendant entered into a written lease covering properties known as 437, 439 Market Street in the City and County of San Francisco; that said lease provided that the term should commence on the 15th day of September, 1943, and "extend for a period of six (6) months from and after the cessation of hostilities in the present war with Japan." That by the words "cessation of hostilities in the present war with Japan," it is alleged that plaintiff and defendant intended to refer to the "cessation of open and hostile warfare as accomplished by the surrender of Japan on August 14, 1945," as distinguished from a "Presidential or Congressional declaration of the end of the war, which event has not yet occurred and may not occur for some years in the future." It is further alleged that a dispute has arisen between the respective parties as to the construction of the provision of the lease.

Plaintiff seeks a declaration of his rights, and for a judgment of this Court "specifically declaring that hostilities in the present war with Japan ceased on August 14, 1945, and that said lease by its terms ended and terminated on February 14, 1946 * * *."

The defendant, by its answer, places in issue the material allegations of the complaint and sets forth affirmatively that the lease in question was prepared by plaintiff and under the circumstances the language in question should be construed strongly against plaintiff; that defendant has expended approximately $30,000 in improvements and repairs; that, in effect, the construction of the lease involves a consideration of war and post-war matters in a national rather than purely local sense.

The case was tried on an agreed statement, amplified in unimportant particulars by testimony. The factual background is of no aid to the Court in determining the legal issue involved. The problem presented resolves itself into a question of law based upon the language employed.

Plaintiff, in effect, asks for a judicial declaration "that hostilities in the present war with Japan ceased on August 14, 1945 * * *." Thus far, there has been no formal proclamation of either the end of the war or of the cessation of hostilities. It is not for this Court to make such a declaration.

On September 2, 1945, the President of the United States, as part of his official proclamation said: "As President of the United States, I proclaim Sunday, September 2, 1945, to be V-J Day—the day of for-

mal surrender by Japan. It is not yet the day for the formal proclamation of the end of the war or of the cessation of hostilities."

There has been no "cessation of hostilities" or "end" of the war or termination thereof, by proclamation of the President. Nor has there yet been a resolution by Congress.

Under date of September 1, 1945, and before the Proclamation referred to, Hon. Tom Clark, Attorney General of the United States, rendered an opinion to the President concerning the then status of emergency legislation relating to the wartime powers of the Executive. The opinion is quoted in part:

"First of all, it should be borne in mind that the war powers of the President and the Congress do not automatically cease upon the termination of actual fighting. As the Supreme Court said in Stewart v. Kahn, 11 Wall. 493, at p. 507, 20 L.Ed. 176: '(The war power) * * * is not limited to victories in the field and the dispersion of the insurgent forces. It carries with it inherently the power to guard against the immediate renewal of the conflict, and to remedy the evils which have arisen from its rise and progress.' See also Hamilton v. Kentucky Distilleries Co., 251 U.S. 146, 40 S.Ct. 106, 64 L.Ed. 194.

"The broad basis of governmental power on which the various emergency and wartime statutes rest cannot, therefore, be said to have been terminated by recent developments, including the unconditional surrender of our enemies. Questions do arise at the present stage, however, with regard to the time which the Congress has specified in individual statutes as being the termination date of the powers therein conferred. As will appear in the attached compilation, certain of the wartime statutes are made effective only 'in time of war,' or 'during the present war,' or 'for the duration of the war.' Still other expressions may be found of similar character.

"Speaking generally, I believe that statutes of the type just mentioned should be considered as effective until a formal state of peace has been restored, unless some earlier termination date is made effective by appropriate governmental action. In Hamilton v. Kentucky Distilleries Co., supra, [251 U.S. 146, 40 S.Ct. 111], Mr. Justice Brandeis, speaking for the Court said: 'In the absence of specific provisions to the contrary the period of war has been held to extend to the ratification of the treaty of peace or the proclamation of peace.' Again, in Commercial Cable Co. v. Burleson, 2 Cir., 255 F. 99, 104, Judge Learned Hand rejected the contention that certain wartime powers conferred on the President in the First World War had terminated with the Armistice of November 11, 1918, and added: 'Even if I were to assume that the power were only coextensive with a state of war, a state of war still existed. It is the treaty which terminates the war.' See also Kahn v. Anderson, 255 U.S. 1, 10, 41 S.Ct. 224, 65 L.Ed. 469; Ware v. Hylton, 3 Dall. 199, 236, 1 L.Ed. 568; 22 Op. A.G. 190 (1898). It is perhaps unnecessary to add that the Congress can at any time, in response to changed conditions, repeal or amend any wartime statute or group of statutes.

"I turn to another group of statutes: those which are to be terminated 'upon the cessation of hostilities, as proclaimed by the President.' Speaking once more in general terms, I believe that a provision of this type should be interpreted to refer to a formal proclamation, issued after you have determined that the facts warrant such action. Any less formal action on your part would not in my opinion be given by the courts the legal effect of terminating a wartime statute, in the absence of proof in the document itself that it was your intention so to do. See Hamilton v. Kentucky Distilleries Co., supra."

On September 6, 1945, the President of the United States, in his message to Congress reiterated—"The time has not yet arrived, however, for the proclamation of the cessation of hostilities, much less the termination of the war. Needless to say, such proclamations will be made as soon as circumstances permit."

■ Plaintiff would require this Court to re-write the provision of the lease in question, and do violence to the actual language employed. The record is barren of any evidentiary support with respect to the

"intention of the parties" and, accordingly, the problem must be solved in the light of Executive and Legislative events.

Hostilities may well have been suspended on August 14, 1945, but did not cease, nor was there a cessation in the sense in which that term is used. Commercial Cable Co. v. Burleson, 2 Cir., 255 F. 99, 104, 105; Hamilton v. Kentucky Distilleries & Warehouse Co., 251 U.S. 146, 40 S.Ct. 106, 64 L.Ed. 194.

Plaintiff places particular reliance upon Kaiser v. Hopkins, 6 Cal.2d 537, 58 P.2d 1278, 1280. In that case it appeared that the plaintiff petitioned the Superior Court for a writ of mandate to compel the defendant, Assessor of Los Angeles County, to grant him exemption from taxation in accordance with the provisions of the State Constitution, wherein it is declared that "The property to the amount of one thousand dollars every resident of this State who has served in the army, navy, marine corps or revenue marine service of the United States in time of war, and received an honorable discharge therefrom, * * * shall be exempt from taxation." Art. XIII, sec. 1-1/4. Plaintiff, it appeared, served in the United States Army from May 13, 1919, to May 12, 1922. The sole question for determination was whether a soldier who enlisted and served after the Armistice of November 11, 1918, is entitled to the exemption provided for those who served "in time of war." However, it appeared, the words "in time of war" were given legislative interpretation. In Section 3612 of the Political Code of the State of California it is provided—"The following are recognized as wars within the intent and meaning of said section of the constitution: * * * War with Germany-Austria, April 6, 1917, to and including November 11, 1918."

The Court therein concluded: "Where two constructions can be placed upon a constitutional amendment and the Legislature has enacted a law placing a reasonable construction upon the amendment, the courts will ordinarily follow the legislative construction."

In the case at bar there has been no legislative determination, Congressional resolution or Presidential proclamation with respect to the termination of the war with Japan.

The Attorney General of the State of California on September 25, 1945, in Opinion 45/277, concluded that "duration clauses in California statutes such as 'cessation of hostilities', 'termination of war', etc., are operative and the statutes are still in full effect until a proclamation by the Governor or by the President or a resolution of Congress or of the Legislature establishes the date of their termination or unless the Legislature amends or repeals them."

By parity of reasoning, the provision in the lease that the lessee, defendant herein, should hold the premises for "a term commencing on the fifteenth day of September, 1943, and extending a period of six (6) months from and after the cessation of hostilities in the present war with Japan, at the monthly rental of Four Hundred ($400) Dollars" is operative and the said lease is still in full force and effect.

In view of the foregoing, there has been no termination of defendant's lease-hold interest, by operation of law, or efflux of time; the event, period, or time has not yet arrived when the term of six (6) months commences to run.

Findings may be prepared and judgment entered in favor of the defendant, United Seamen's Service, Inc., in accordance with the foregoing Opinion.